FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

05 JUN 10 PH 3: 33

HOUMAN ALLAHVERDI, M.D.

Plaintiff.

vs.

277
No. CV-2005-00491 JB/DJS

REGENTS OF the UNIVERSITY OF
NEW MEXICO; UNIVERSITY OF
NEW MEXICO HOSPITAL; DAVID
WILKS, M.D., PAUL ROTH, M.D.,
SALLY BACHOFER,

Defendants.

## MOTION FOR ORDER TO COMPEL ANSWERS TO INTERROGATORIES OR IN THE ALTERNATIVE GRANTING LEAVE TO EXCEED INTERROGATORY LIMIT

Comes now the Plaintiff pursuant to Rules 26, 33 and 37 of the Federal Rules of Civil Procedure and requests this Court Order Defendants to completely answer the attached interrogatories. In the alternative, Plaintiff prays for an Order granting leave to exceed the Interrogatory limit set out in F.R.Civ.P. 33 and to Order Defendants to Answer the Interrogatories that have been propounded.

FACTS RELEVANT TO MOTION

1. Defendants were served with interrogatories and other discovery on April 11, 2005. See exhibit 1 attached.

2. On May 19, 2005 after receiving no response to the discovery from Defendants, Plaintiff's attorney sent a letter requesting that the discovery be answered and notifying Defendants that since they had not requested an extension of time that Plaintiff's attorney would not agree to any objections to the discovery. See exhibit 2 attached.



3. On May 23, 2005, Defendants served their response to the discovery making untimely objections primarily based on the number of interrogatories which Defendants claimed exceeded the amount allowed by the Federal Rules of Civil Procedure.

4. On May 25, 2005, Plaintiff's attorney called Defendants' attorney, Mark D. Trujillo, and requested that the objections be withdrawn and that the discovery be answered completely and without objection. Plaintiff's attorney also notified Defendants' attorney that the answers were not complete to the discovery that was answered and requesting that the answers be supplemented, citing in particular Interrogatory One which requests information concerning witnesses which was not provided. Defendants' attorney has indicated that the motion is opposed and Defendants will not agreed to supplement the answers nor answer the remaining discovery.

Under Rule 33, a party may not exceed twenty-five interrogatories, "including all discrete subparts," without leave of Court. This is a complex constitutional law-due process case. The attached interrogatories relate carefully to the allegations in the Complaint and the Court is requested to Order that Defendants' answer these Interrogatories. It is Plaintiffs' opinion that the interrogatories do not exceed the 25 allowed under the Rules. However, if the Court disagrees, then Plaintiffs' request that the Court in its discretion order Defendants to answer the interrogatories pursuant to Rule 33(a) because the discovery is not unreasonable cumulative or duplicative and is not obtainable from any other source than Defendants.

Plaintiff requests that this Court order that Defendants supplement the answers or answer the following Interrogatories:

Interrogatory one which requests addresses and telephone numbers of persons relating information about Plaintiff's work performance, competency, allegations of misconduct, claimed

2

use of unacceptable language, claimed failure to accurately and timely check out or failure to truthfully report matters leading to his termination. Plaintiff also requested a description of the information provided , its date and "whether that person requested any action concerning the termination of Plaintiff's residency or employment be taken and if so what action was requested."

The answer simply directed Plaintiff to Defendants' Rule 26 disclosure which does not answer this interrogatory.   See Exhibit 3 attached which merely gives names, and vague information about each individual.   Furthermore, no address or telephone number is provided other than counsel's address and telephone number.  Counsel does not believe that any of the witnesses office at or live at counsel's address or use counsel's telephone number.

Defendants refused to answer Interrogatories five (5), six (6) stating that Plaintiff had exceeded 25 interrogatories.

Defendant's argument that the interrogatories exceed 25 is in error. See Advisory Committee notes for the 1993 amendments to Rule 33 of the Federal Rules of Civil Procedure: "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about **discrete separate subjects**.  However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."

In this case, Plaintiff requests that the Court make a determination of the number of interrogatories including discrete separate subjects that have been tendered.   Plaintiffs believe only 6 interrogatories have been submitted. Further Plaintiffs believe that they may still serve 19 additional interrogatories, so this issue will have to be determined by the Court.

3

Further, there was no reasonable answer to interrogatory number one and it needs to be answered. Finally, Plaintiff argues that because the answers were untimely that any objection has been waived.

The seminal case in New Mexico concerning discovery is *United Nuclear Corporation v. General Atomic Company*, 96 N.M. 155, 629 P.2d 231 (1980). In United Nuclear, the Supreme Court in construing Rules 1-033 and 1-034 pertaining to Interrogatories and Request for Productions set a the liberal policy based upon Federal standards and held that the failure to serve a timely response served as a waiver of any objections:

> **In construing Rules 33 and 34, we must begin with a notion that discovery is designed to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent."** United States v. Proctor & Gamble, 356 U.S. 677, 682, 78 S. Ct. 983, 986-87, 2 L.E.2d. 1077 (1958)(citation omitted). In light of that policy, Rules 33 and 34 must be liberally construed in order to insure that a litigant's right to discovery is broad and flexible." (Citations omitted). (Emphasis added). 96 N.M. at 169-170.

Defendants failed to timely answer the Interrogatories. No request for an extension was requested and no motion for an extension was filed. Under *United Nuclear Corp. supra* the Supreme Court held that, "in general, the filing of an answer to an interrogatory is deemed a wavier of the right to object". 96 N.M. at 224.

> **"The law is well established that the failure to timely file objections to interrogatories operates as a wavier of any objection the party might have. This rule is generally applicable "[r]egardless of how outrageous or how embarrassing the question may be. When a party fails to file timely objections, the only defense that it has remaining to it is that it gave a sufficient answer to the interrogatories..."** 96 N.M. at 210.

Hence Defendants should be required to answer all Interrogatories without objection because the only defense that defendants have at this time to the questions not answered is that "it gave a sufficient answer to the Interrogatories". 96 N.M. at 210.

Defendant's argument that the interrogatories exceed 25 is in error. Defendants did not answer Interrogatory number one and no more that six interrogatories have been served by Plaintiffs.

In this case, Plaintiffs request that the Court make a determination of the number of interrogatories including discrete subparts that have been tendered. Plaintiffs believe only 6 interrogatories have been submitted. Further Plaintiffs believe that they may still serve 19 additional interrogatories, so this issue will have to be determined by the Court.

Counsel for Defendants oppose the relief sought herein.

WHEREFORE, Plaintiffs respectfully requests that the Court enter an Order granting the above motion and awarding attorney fees to Plaintiff under Rule 26 and 37.

Respectfully Submitted,

Law Offices of Steven K. Sanders

STEVEN K. SANDERS
Attorney for Plaintiffs
820 Second St., N.W.
Albuquerque, New Mexico  87102
505.243.71

CERTIFICATE OF SERVICE

I hereby certify that I faxed a copy of the foregoing to opposing counsel of record, Marcia E. Lubar and Mark D.Trujillo, Beall & Biehler, 6715 Academy Rd. NE, Albuquerque, NM 87109 – to 505-828-3900, this 10th day of June, 2005.

Steven Sanders

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HOUMAN ALLAHVERDI, M.D.

Plaintiff.

vs.                                           No. cv 2005-00491 JB/DJS

REGENTS OF THE UNIVERSITY OF
NEW MEXICO; UNIVERSITY OF
NEW MEXICO HOSPITAL.; DAVID
WILKS, M.D.; PAUL ROTH, M.D.;
SALLY BACHOFER

Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the defendants, by and through undersigned counsel (Marcia E. Lubar), and hereby submits its response to Plaintiff's Interrogatories and Request for Production of Documents. Defendants' response to Plaintiff's Request for Admissions has been previously submitted.

**INTERROGATORY NO. 1.** "Identify" by name, job title, address and telephone number each person who contributed or related any information to any Defendant or to any employee or agent of any Defendant, (including any of the named defendants) concerning plaintiff's work performance, competency, allegations of misconduct, claimed use of unacceptable language, claimed failure to accurately and timely check out, or failure to truthfully report matters leading to or contributing to Plaintiff's termination. For each person identified, state as completely as possible what information that person contributed, related or provided, to whom the information

Ex 1

was provided, identifying each and every employee or agent of Defendant to whom the information was provided, the date the information was provided, the manner in which the information was provided (i.e. orally, in person, over the telephone, in writing) and whether that person requested any action concerning the termination Plaintiff's residency or employment be taken and if so what action was requested.

ANSWER:   Witness names, contact information, documents and possible testimony documents have been previously provided.    Please see defendants' initial disclosures. Additionally, the author of item no. 47 of initial disclosures is Mr. Steve Rios.  The author of item no. 48 is Steve Salas.  Contact information will be provided at a later date.

**REQUEST FOR PRODUCTION NO. 1.**

Please produce a copy of any documents, memorandum, notes of any conversation, tape recordings or other records concerning the above interrogatory.

ANSWER:  Documents have been previously provided.  Please see defendants' initial disclosures.    Additional documentation, memorandum, and/or notes are being produced as response to Request for Production #1 are as follows and are attached as Tab A:

1) Letter dated April 3, 2002 to Houman Daron Allahverdi from John Leggott, M.D. and Sally Bachofer, M.D.

2) Communication form dated 7/29 from Audra Costello, RN

3) Identification/photograph of Houman D. Allahverdi

4) Letter dated 10/21/2002 signed by Sally Bachofer

5) Letter dated 10/10/2002 from Dolores Garcia providing brief synopsis of meeting with Dr. Houman Allahverdi

25) Letter dated 10/7/2003 to Steven K. Sanders from Elizabeth Staley

26) Letter dated 10/17/2003 to Graduate Medical Education from Houman Allahverdi

27) Letter dated 11/6/2003 to Steven Sanders from Elizabeth Staley

28) Letter dated 12/19/2003 to Houman Allahverdi from David Wilks, MD

29) Letter dated 12/24/2003 to Paul Roth from Donald R. Sears, Jr.

Tape recordings of the November 17, 2003 grievance committee will be made available. Currently, we are checking if a tape recording was made for the December 16, 2002 grievance committee hearing. If a recording was made, a copy will be provided at a later date.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all records, writings, tape recordings, documents, memoranda, incident reports, or reports of any nature regarding or concerning plaintiff's work performance, competency, allegations of misconduct, claimed use of unacceptable language, claimed failure to accurately and timely check out, or failure to truthfully report matters which led to or contributed to Plaintiff's termination of employment or residency.

ANSWER: Please see defendants' answer to Production No. 1 above. Documents have previously been provided to plaintiff. A copy of the December 16, 2002 and November 17, 2003 grievance committee files are attached at Tab B. Any additional documentation, memoranda, notes and/or tape recordings relating to the plaintiff's work performance will be provided at a later date if any such items responsive to this request for production become known.

INTERROGATORY NO. 2. Please identify each and every person you or your attorneys will or may call as a witness at the trial on merits of this case. For each witness, please state the

subject matter on which they are expected to testify and the substance of their knowledge and their expected testimony.

ANSWER: Defendants object to this interrogatory as it is not known at this time who may be called as a witness at trial on the merits of this case. For a list of potential witnesses, please see defendants' initial disclosures.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a copy of any statement (written or recorded) made by any witness identified in the above Interrogatory.

ANSWER: Please see defendants' answer to Interrogatory No. 2. Any new statements, or recordings, will be provided at a later date.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all writings, tape recordings, documents, memoranda, incident reports, or reports of any nature reviewed by or prepared by or for any expert retained by defendants to testify in the above-entitled action, and all correspondence and invoices or statements for services rendered between defendant and/or defendant's attorney and any expert retained to testify.

ANSWER: The defendants have not retained any experts at this time. However, if this should change, proper notice shall be given and the requested information will be provided to the plaintiff once it becomes available.

**INTERROGATORY NO. 3.** Please state the nature and content of each and every exhibit that will or may be offered into evidence on your behalf at trial of the merits of this case or during any

deposition that any Defendant may take or on behalf of any motion that any Defendant may file herein. Please list each exhibit separately stating its contents and nature.

ANSWER:   The defendants object to Interrogatory No. 3 as there has not been a determination of which exhibits will be, or may be offered into evidence on the defendants' behalf at trial.   Once the exhibits have been identified and established for use at trial, proper notice will be provided to the plaintiff.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of each exhibit that any Defendant may or intends to introduce into evidence or use during any deposition that Defendant may take or on behalf of any motion that Defendant may file herein. Please also produce all supporting documents for any summary exhibits.

ANSWER: Please see answer to Interrogatory No. 3.

**INTERROGATORY NO. 4.** State in detail the factual basis of each denial in your answer and each affirmative defense raised in your pleading. Please identify each witness who may testify concerning each denial or affirmative defense and identify each exhibit that may be used in support of a denial or affirmative defense.

ANSWER: The defendants raised the following affirmative defenses for the following reasons:

**First Affirmative Defense:** Defendants denied that the University of New Mexico Health Sciences Center is a proper defendant. Claims against the University should be brought against the Board of Regents. Therefore, plaintiff failed to state a claim against the Health Sciences Center upon which relief can be granted.

**Second Affirmative Defense:**  See response for first affirmative defense above.

**Third Affirmative Defense:**  Defendants denied that they violated plaintiff's right of due process because plaintiff signed an agreement for reinstatement as a medical resident in the family practice group.  In consideration for reinstatement, plaintiff waived his right to due process if he was dismissed in the future.  Further, plaintiff agreed not to contest the dismissal and that there would be no grievance appeal or legal process available to him.  See defendants' initial disclosures of documents numbers 39 and 41.  Defendant Wilks and Bachofer will testify regarding this matter.

**Fourth Affirmative Defense:**  The defendants, Roth, Wilks, and Bachofer are sued in their individual capacity.  These defendants acted in good faith and acted as reasonable public officials.  It is clear that these defendants understood that plaintiff had waived his right to due process and thus, they acted as reasonable officials in dismissing plaintiff from the residency program.  Defendants did not violate a clearly established law.

**Fifth Affirmative Defense:**  See responses for third and fourth affirmative defenses above.

**Sixth Affirmative Defense:**  The documents supporting defendants' sixth affirmative defense that plaintiff was terminated from his training program for good-cause have been identified and provided in the defendants' initial disclosures numbers 4 through 75 and documents produced in

response to Request for Production #1. Witnesses have also been identified in defendants' initial disclosures.

**Seventh Affirmative Defense:** Plaintiff agreed on December 17, 2002, that he accepted all terms of reinstatement, which included, waiving his right to procedural due process and that he would not contest his discharge. This express statement supercedes the House Officers Regulations and Benefits Manual. Documents supporting this defense and witnesses who will testify have been identified in defendants' initial disclosures, in particular, defendants Wilks and Bachofer.

**Eighth Affirmative Defense:** See response to sixth affirmative defense above.

**Ninth Affirmative Defense:** Defendants are unaware of any attempts by plaintiff to obtain another residency program at this time. Until discovery is complete, defendants will not know which, if any, positions plaintiff has applied for or for which he had been hired.

**Tenth Affirmative Defense:** It is unnecessary to reinstate plaintiff during the pendency of this litigation because plaintiff has an adequate remedy of law, money damages, if it is determined by the court that he was wrongfully terminated from his medical residency program.

**Eleventh Affirmative Defense:** Plaintiff is not entitled to recover pre or post interest against the State of New Mexico pursuant to New Mexico Statute NMSA 1978, 56-8-4.

**Twelfth Affirmative Defense:** Defendants did not act recklessly, wantonly or capriciously with regard to the termination of plaintiff's residency program. Plaintiff was made aware that he was not performing his job in a satisfactory manner and not treating employees appropriately. Witnesses and documents supporting this defense have been identified in defendants' initial disclosures.

**Thirteenth Affirmative Defense:** Plaintiff was aware that he waived his right to due process in consideration for reinstatement. Therefore, this lawsuit is brought in bad faith.

**Fourteenth Affirmative Defense: Defendants are withdrawing their fourteenth affirmative defense.**

Defendants denied the following paragraphs or partial statements in the following paragraphs as follows:

**Paragraph 1 of the Plaintiff's Complaint:** Defendants deny that the University of New Mexico Health Sciences Center is a proper party to the lawsuit. The proper party to the lawsuit is the Board of Regents of the University of New Mexico. Defendants contend that there are no facts to support plaintiff's claim, as the defendants did not breach the contract with plaintiff, did not breach the covenant of good faith and fair dealings and did not deny plaintiff due process. The witnesses and documents have been identified in defendants' initial disclosures, which support this denial.

**Paragraph 2 of Plaintiff's Complaint:** Defendants deny that the University of New Mexico Health Science Center is the correct party to this lawsuit. See answer for Paragraph 1 above.

**Paragraph 3 of Plaintiff's Complaint:** Defendants deny that the University of New Mexico Health Science Center is the correct party to this lawsuit. See answer for Paragraph 1 above.

**Paragraph 4 of Plaintiff's Complaint:** Defendant Board of Regents of the University of New Mexico denies that the Board of Regents of the University of New Mexico is responsible for the operations of Defendant University of New Mexico Health Science Center. The Regents of the University of New Mexico are responsible for setting policy, but are not responsible for setting the day-to-day operation of the University of New Mexico Health Sciences Center. Defendant Roth will testify to this.

**Paragraph 5 of Plaintiff's Complaint:** Defendants deny that plaintiff was hired as a House Officer through the Regents of the University of New Mexico. Plaintiff was offered employment by the Family Practice Residency Program. See offer letter provided in response to request for production number 1. Defendants deny that defendant Bachofer did not comply with the House Officers Manual. Defendant Bachofer recommended the termination/dismissal of plaintiff and defendant Bachofer notified plaintiff of his proposed dismissal in compliance with the manual. Defendants also deny that plaintiff complied with the manual as he failed to perform his work in a satisfactory manner and he violated the terms of his reinstatement agreement. See defendants' initial disclosures for documents and witnesses supporting defendants' denial of paragraph 5.

**Paragraph 10 of Plaintiff's Complaint:**  Defendants deny that defendant Bachofer ex-partied the Family Practice Competency Committee, and deny that the Family Practice Competency Committee is required to hear testimony or take evidence, but merely to review the documentation.

**Paragraph 12 of Plaintiff's Complaint:**  Defendants deny that plaintiff was not given the opportunity for academic remediation as allowed by the University regulations.  Plaintiff was permitted academic remediation at the time of his reinstatement.  He was provided a mentor and evaluated regularly in accordance with his reinstatement agreement.  Witnesses to this are the following individuals listed within the defendants' initial disclosures:  Paul Roth, M.D., Sally Bachofer, M.D., David Wilks, M.D., Saverio Sava, M.D., Analice Behnken, M.D., Rebecca Ratcliff, M.D, William H. Dodson III, M.D., Martha Cole McGrew, M.D., James Wilterding, M.D., Helen "Katrina" Busby, M.D., Jaye Swoboda, M.D., Kerrie Seeger, M.D., Warren Heffron, M.D., John Trotter, M.D., Michael Murnik, M.D.  Furthermore, the following additional individuals also served on the Family Practice Competency Committee that met on April 2, 2003 and May 7, 2003:  John Leggott, M.D., Scott Brown, M.D.

**Paragraph 16 of Plaintiff's Complaint:**  Defendants deny that the Family Practice Competency Committee which met on May 7, 2003, was ex-partied by Defendant Bachofer.

Defendants object to answering the remainder of Interrogatory No. 4, as plaintiff has exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure and the Provisional Discovery Plan approved by the court.

*University Regulation and Benefit Manual* is provided at Tab D.  Further, a copy of all medical,

retirement, life insurance, dental and other employer benefits plan is included at Tab D.


**INTERROGATORY NO. 5:**   During the past seven years, please state the number of

individuals who have been involuntarily terminated from a UNM medical residency program,

state the number of individuals who have been involuntarily terminated from a medical residency

program for reasons similar to those reasons for terminating Plaintiff.  State the reasons why each

was terminated from the residency program.   If any individual was subsequently reinstated

pursuant to a grievance or otherwise, set out in full the reasons why they were reinstated to their

residency program and the date of reinstatement. Please explain how each person reinstated

differed in their conduct deficiencies or other circumstances from Plaintiff's alleged conduct

deficiencies or circumstances.

        ANSWER: Defendants object to answering Interrogatory No. 5, as plaintiff has exceeded

the number of interrogatories allowed by the Federal Rules of Civil Procedure and the

Provisional Discovery Plan approved by the court.


**REQUEST FOR PRODUCTION NO. 9.:**  Please produce a copy of any documents, which

were consulted or used in any manner to answer the above interrogatories.  Please include the

complete disciplinary file for each medical resident reinstated prior to their reinstatement.

        ANSWER: If any documentation exists, it will be provided at a later date.


**INTERROGATORY NO. 6:**  Please identify each and every voting member of Family Practice

Competency Committee and all other individuals which were present for any part of either

meeting held on or about April 2, 2003 and/or on May 7, 2003 to discuss Plaintiff's residency and/or to determine whether Plaintiff would be allowed to continue his residency program. For each meeting, please identify each document reviewed and each person that the committee met with, listened to or received information, advice, consultation or evidence from in regard to Plaintiff's continued participation in the residency program and give a summary of the facts and details each person presented to the committee and how that information was presented to the committee, i.e. orally in person or by telephone or tape recording or in writing. Please indicate whether any witness was required to testify under oath or whether the committee required affidavits from any witness. Please identify all persons present for any portion of either meeting and identify the chair of each meeting.

ANSWER: Defendants object to answering Interrogatory No. 6, as plaintiff has exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure and the Provisional Discovery Plan approved by the court.

**REQUEST FOR PRODUCTION NO. 10:** Please produce a copy of any document, exhibit, statement or tape recording provided to the Family Practice Competency Committee meeting of April 2, 2003 or May 7, 2003 and a copy of any tape recording of either meeting.

ANSWER: No tape recordings from either the April 2, 2003 or the May 7, 2003 meetings were made and therefore do not exist. If any audio tape recording was made for any hearing, a copy will be provided to the plaintiff at a later date.

Respectfully Submitted,

BEALL & BIEHLER, AN ASSOCIATION

By: _____

MARK D. TRUJILLO
MARCIA E. LUBAR
Attorney for defendants
6715 Academy Road N.E.
Albuquerque, New Mexico 87109
(505) 828-3600
(505) 828-3900 (FAX)

*I hereby certify* that a true and correct copy of the foregoing
pleading was mailed to the following counsel of record:

Law Offices of Steven K. Sanders & Associates, LLC
Steven K. Sanders
820 Second Street, NW
Alb. N.M.  87102
Facsimile: 243-7755

on this 23rd day of **May, 2005**.

_____
MARK D. TRUJILLO

15

# FAX
## TRANSMITTAL

**To:**   **MARCIA E. LUBAR AND MARK D. TRUJILO**
**Fax #:**  505-828-3900
**Date:**   May 19, 2005
**Re:**    **ALLAHVERDI V. REGENTS OF UNM ET. AL**
**Pages:**   2

**Comments:** A copy of this FAX will NOT be sent by mail.

LETTER CONCERNING OVERDUE INTERROGATORY ANSWERS

From the Law Offices of...

### *Steven K. Sanders & Associates, L.L.C.*
*Attorneys at Law*
820 Second Street NW
Albuquerque, New Mexico 87102

505.243.7170
Fax: 505.243.7755

This FAX and accompanying documents contain information which may be confidential and legally privileged
This information is intended only for the use of the individual or entity to whom this FAX was sent as indicated
above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on
the contents of the information contained in this FAX transmission is strictly prohibited. If you have received this
transmission in error, please call us collect to arrange for the return of the documents to us at our expense.

Ex 2

# Steven K. Sanders & Associates, L.L.C.

**Attorneys at Law**
820 Second Street NW
Albuquerque, New Mexico 87102
Phone: 505.243.7170

May 19, 2005

Marcia E. Lubar
Mark D. Trujillo – *Sent via fax only to: 828-3900*
Beall & Bichler
6715 Acaemy Rd. NE
Albuquerque, NM 87109

**Re:   Houman Allahverdi, MD v. Regents, No. 05-CV 277 JB/DJS**

Dear Ms. Lubar and Mr. Trujillo:

This letter is written to ask when we might expect the answers to the interrogatories and Request for Production of Documents for the above case which were served on April 11, 2005 and were due on May 16, 2005. Since no extension of time has been requested or granted to answer this discovery, I request that the answers not contain any objections since all objections have been waived under the Rules of Civil Procedure.

In *United Nuclear v. General Atomic Co.* 96 N.M. 155, 629 P.2d 231 (1980) the Supreme Court held that, "in general, the filing of an answer to an interrogatory is deemed a wavier of the right to object". 96 N.M. at 224.

> "The law is well established that the failure to timely file objections to interrogatories operates as a wavier of any objection the party might have. This rule is generally applicable "[r]egardless of how outrageous or how embarrassing the question may be. When a party fails to file timely objections, the only defense that it has remaining to it is that it gave a sufficient answer to the interrogatories..." 96 N.M. at 210.

I appreciate your attention to this matter and would appreciate your answers by Friday, May 27, 2005.

Respectfully yours,

STEVEN K. SANDERS & ASSOCIATES, LLC

Steven K. Sanders

cc:   Dr. Allahverdi, via fax only

C:\Documents and Settings\Steve\My Documents\Steven\Allahverdi\Lubar&Trujilloletter.doc

**HP Officejet 6210**
Personal  Printer/Fax/Copier/Scanner

**Log for**
Steven  Sanders
503-293-3650
May  19  2005  3:57PM

---

**Last Transaction**

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| May  19 3:56PM | | Fax  Sent | 15058283900 | 0:53 | 2 | OK |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HOUMAN ALLAHVERDI, M.D.,

        Plaintiff,

v.                                    No. 05 CV 277 JB/DJS

REGENTS OF THE UNIVERSITY OF
NEW MEXICO; UNIVERSITY OF NEW MEXICO
HEALTH SCIENCES CENTER; DAVID WILKS, M.D.,
PAUL ROTH M.D., SALLY BACHOFER,

        Defendants.

## DEFENDANTS' INITIAL DISCLOSURES

The defendants, by and through their attorney, Marcia E. Lubar, (Beall & Biehler, An

Association), hereby submit the following initial disclosures required by Fed.R.Civ.P. 26(a)(1) of

the Federal Rules of Civil Procedure:

**A.**    **Individuals likely to have discoverable information:**

1.    Defendant Paul Roth, M.D.
        Dean of the School of Medicine
        University of N.M. School of Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

    Dr. Roth will testify to the reasons that plaintiff was terminated from the family practice
residency program and the circumstances surrounding the termination.

2.    Defendant Sally Bachofer, M.D.
        Director of Family Practice Residency
        University of New Mexico School of Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE

Ex 3

Alb. New Mexico 87109
(505) 828-3600

Dr. Bachofer will testify to the plaintiff's performance, her counseling of plaintiff and complaints brought to her attention concerning plaintiff's conduct and the circumstances surrounding plaintiff's termination of his residency program.

3.      Defendant David Wilks, M.D.
        Director Graduate Medical Education
        University of New Mexico School of Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

Dr. Wilks will testify to the circumstances surrounding plaintiff's termination.

4.      Saverio Sava, M.D.
        Clinic Director, Southeast Heights Clinic
        University of New Mexico School of Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

Dr. Sava will testify to plaintiff's conduct and performance.

5.      A. Behnken, M.D.
        University of New Mexico School of Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

Dr. Behnken will testify to his concerns about plaintiff's performance.

6.      Joel Yager, M.D.
        Professor and Vice Chair for Education
        University of New Mexico School of Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE

Alb. New Mexico 87109
(505) 828-3600

Dr. Yager will testify to conservations with plaintiff.

7.      Rebecca Ratcliff, M.D.
        Family Practice Physician
        University of New Mexico School of Medicine
        One University of New Mexico
        Alb. N.M.  87131

        Dr. Ratcliff will testify that plaintiff referred to a female employee as a "bitch".

8.      (Trey) William H. Dodson, III, M.D.
        Associate Residency Director of Family Practice
        Member of the family practice and competency committee
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

        Dr. Dodson will testify to plaintiff's threat of violence.

9.      Martha Cole McGrew, M.D.
        Committee Chair  - Competency Review Panel
        Family and Community Medicine
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

        Dr. McGrew will testify to plaintiff's performance and her concerns about plaintiff's
conduct.

10.     Dolores L. Garcia
        Senior Residency Coordinator
        FP Residency Program
        University of New Mexico School of Medicine
        One University of New Mexico
        Alb. N.M.  87131

        Ms. Garcia will testify to conversations with plaintiff regarding his suicidal ideation.

3

11.     James M. Wilterding, M.D.
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

        Dr. Wilterding will testify to plaintiff's threats against a female upper level resident.

12.     Helen "Katrina" Busby, M.D.
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

        Dr. Busby will testify to her concerns and observations regarding plaintiff's performance
and conduct.

13.     Jaye T. Swoboda, M.D.
        Medical Director
        N.M. Mentor Treatment Program
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

        Dr. Swoboda will testify to his evaluation of plaintiff.

14.     Kerrie Seeger, M.D.
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109
        (505) 828-3600

        Dr. Seeger will testify to plaintiff's unsatisfactory patient care and conduct.

15.     Warren Heffron, M.D.
        Professor – Retired
        C/o Beall & Biehler, An Association
        Marcia E. Lubar, Esq.
        6715 Academy Road, NE
        Alb. New Mexico 87109

(505) 828-3600

Dr. Hetliron will testify to plaintiff's unsatisfactory patient care.

16.   John Trotter, M.D.
      Vice-Dean of the School of Medicine
      University of N.M. School of Medicine
      C/o Beall & Biehler, An Association
      Marcia E. Lubar, Esq.
      6715 Academy Road, NE
      Alb. New Mexico  87109
      (505) 828-3600

      Dr. Trotter will testify to plaintiff's unsatisfactory patient care and conduct.

17.   Michael Murnik, M.D.
      Educator Director, Tucker FPC Clinic
      C/o Beall & Biehler, An Association
      Marcia E. Lubar, Esq.
      6715 Academy Road, NE
      Alb. New Mexico 87109
      (505) 828-3600

      Dr. Murnik will testify to plaintiff's unsatisfactory performance.

18.   Any and all witnesses listed by Plaintiff, at any time and any manner.

19.   Any witnesses necessary to authenticate exhibits at time of trial.

20.   Any witnesses identified during discovery.

21.   Any and all witnesses for rebuttal purposes.

**B.    Relevant documents:**

      1.    Plaintiff Houman Daron Allahverdi's Graduate Medical Education File

      2.    Plaintiff Allahverdi's application to the National Registry Resident Match
            Program in October 2001

      3.    Complaint - communication form filed with University of N.M Hospital Risk
            Management by an employee in the Newborn Nursery Unit.
            (dated 7/29/2002)