IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOUMAN ALLAHVERDI, M.D.,

       Plaintiff,

vs.                                                                                                     No. CIV 05-0277 JB/DJS

REGENTS OF the UNIVERSITY OF NEW MEXICO;
UNIVERSITY OF NEW MEXICO HOSPITALS;
DAVID WILKS, M.D., PAUL ROTH, M.D.,
SALLY BACHOFER,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Order to Compel Answer to Interrogatories or in the Alternative Granting Leave to Exceed Interrogatory Limit, filed June 10, 2005 (Doc. 15). The Court held a hearing on this matter on July 7, 2005. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant Plaintiff Houman Allahverdi's motion to compel in part and deny in part.

**PROCEDURAL BACKGROUND**

Allahverdi served the Defendants with interrogatories and other discovery on April 11, 2005. See Certificate of Service (Doc. 5). On April 22, 2005, pursuant to the Initial Scheduling Order, the parties met with the Honorable James O. Browning, United States District Judge, for a rule 16 conference to discuss this case. On May 19, 2005, after receiving no response to the discovery from the Defendants, Allahverdi's attorney sent a letter requesting that the Defendants answer the discovery and notifying the Defendants that, because they had not requested an extension of time, he

would not agree to any objections to the discovery.  See Letter from Steven K. Sanders to Marcia E. Lubar and Mark D. Trujillo at 1 (dated May 19, 2005).  On May 23, 2005, the Defendants served their response to the discovery, making objections primarily based on the number of interrogatories which the Defendants argued exceeded the amount that the Federal Rules of Civil Procedure allow.

On May 25, 2005, Allahverdi's attorney called the Defendants' attorney, Mark D. Trujillo, and requested that the Defendants withdraw the objections, and answer the discovery completely and without objection.  Allahverdi's attorney also notified the Defendants' attorney that the answers to the discovery, which the Defendants did give, were not complete and requested that the Defendants supplement the answers.  Allahverdi cited in particular interrogatory number one, which requests information concerning witnesses; the Defendants have not provided that information.

On June 10, 2005, Allahverdi filed a Motion for Order to Compel Answer to Interrogatories or in the Alternative Granting Leave to Exceed Interrogatory Limit.  The Defendants oppose this motion.  The Defendants did not agree to supplement the answers or to answer the remaining discovery.

## ANALYSIS

Allahverdi, pursuant to rules 26, 33, and 37 of the Federal Rules of Civil Procedure, requests that the Court order the Defendants to answer certain interrogatories.  In the alternative, Allahverdi prays for an order granting him leave to exceed the interrogatory limit set out in rule 33 and order the Defendants to answer the interrogatories that he has propounded.

**I.    THE DEFENDANTS' ANSWERS TO THE INTERROGATORIES WERE TIMELY.**

Pursuant to the Initial Scheduling Order, the time allowed for discovery "will run from the Rule 16 initial scheduling conference."  Initial Scheduling Order at 1, filed March 30, 2005 (Doc. 4).

The Defendants submitted the answers on May 23, 2005 and they thus were timely.  See id.; Fed. R. Civ. P. 33(b)(3).

## II. BECAUSE ALLAHVERDI MADE A GOOD FAITH ATTEMPT TO COMPLY WITH THE NUMBER OF INTERROGATORIES ALLOWED UNDER RULE 33, THE COURT WILL GRANT ALLAHVERDI'S MOTION TO COMPEL.

When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order.  The responding party should not answer some interrogatories and object to the ones to which it does not want to respond.  By answering some and not answering others, the Defendants waived this objection.

If Allahverdi had prepared a number of interrogatories that greatly exceeded the number of twenty-five, the Court might be inclined to equitably adjust the number that the Defendants have to answer.  After reviewing Allahverdi's interrogatories, however, the Court concludes that Allahverdi made a good faith attempt to comply with the permissible number of interrogatories under rule 33 of the Federal Rules of Civil Procedure.  Accordingly, the Court will grant Allahverdi's motion to compel, and will order the Defendants to respond to interrogatory numbers five and six.

## III. THE DEFENDANTS' ANSWER TO INTERROGATORY NUMBER ONE IS INCOMPLETE.

The Defendants' initial disclosures do not contain all of the information requested or warranted under interrogatory number one.  Accordingly, the Court orders the Defendants to submit

an amended answer to interrogatory number one.[1]

**IT IS ORDERED** that the Plaintiff's Motion for Order to Compel Answer to Interrogatories or in the Alternative Granting Leave to Exceed Interrogatory Limit is granted in part. The Defendants shall submit an amended answer to interrogatory number one and to complete answers to interrogatories numbers five and six. The Plaintiffs' request for fees is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Steven K. Sanders
Donald Sears
Law Offices of Steven K. Sanders
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Marcia E. Lubar
Mark D. Trujillo
Beall & Biehler
Albuquerque, New Mexico

    *Attorneys for the Defendants*

---

[1] At the hearing, Allahverdi did not oppose the Defendants' request that the Court not impose a fine. See Transcript of Hearing at 7:10-19 (taken July 7, 2005).

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.