# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HOUMAN ALLAHVERDI, M.D.,

       Plaintiff,

vs.                                                                     No. CIV 05-277 JB/DJS

REGENTS OF THE UNIVERSITY OF
NEW MEXICO; UNIVERSITY OF
NEW MEXICO HOSPITAL; DAVID
WILKS, M.D., PAUL ROTH, M.D.,
SALLY BACHOFER,

       Defendants.

## ORDER

**THIS MATTER** comes before the Court on Motion for Order to Compel Answers to Interrogatories, filed August 17, 2005 (Doc. 26).  The Court held a hearing on this motion on September 30, 2005.  The primary issue is whether the Court should compel the Defendants to provide more complete answers to Plaintiff Houman Allahverdi's interrogatories.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant the motion and order the following relief:

1.  As to Interrogatory No. 1, the Defendants will provide in their supplemental answer what information was provided to the Graduate Medical Education Grievance Committee on November 17, 2003, and December 2, 2003, by any person that was present, whether a committee member or not.  This will include information from Dr. David Wilks, Dr. Sally Bachofer, Ms. Elizabeth Staley, and Program Director Joe Sparkman.  If the information is on the tape recording of the November 17 meeting, the Defendants need not repeat that information.  They can state under oath in the

supplemental answer that all the information for the November 17 meeting was part of the tape.  If there is additional information that was provided either before or after the November 17 meeting, the Defendants should state whether there is additional information or not.  The Defendants should state the date any information was provided.  The Defendants also must state the manner in which the information was provided, and also state whether there was any request for any action concerning Allahverdi's residency or employment.  For any witnesses, the Defendants should provide the address and telephone numbers.  The information that the Court is requiring to be produced must be in the form of a sworn answer to an interrogatory.

2.  Regarding Interrogatory No. 6, the Defendants must, in a supplemental answer, state that no witnesses were required to testify under oath and that the Graduate Medical Education Grievance Committee did not require affidavits, if in fact that is the case.

3.  The Court will award $450 to Allahverdi for preparing and pursuing this motion to compel.[1]

**IT IS ORDERED** that the Motion for Order to Compel Answers to Interrogatories is granted.  The Court orders the following relief:

1.  As to Interrogatory No. 1, the Defendants will provide in their supplemental answer what information was provided to the Graduate Medical Education Grievance Committee on November 17, 2003, and December 2, 2003, by any person that was present, whether a committee member or not.  This will include information from Dr. David Wilks, Dr. Sally Bachofer, Ms. Elizabeth Staley, and Program Director Joe Sparkman.  If the information is on the tape recording of the November

---

[1] This Order disposes of the motion at issue.  The Court will, however, at a later date issue an opinion more fully detailing its rationale for this decision.

17 meeting, the Defendants need not repeat that information.  They can state under oath in the supplemental answer that all the information for the November 17 meeting was part of the tape.  If there is additional information that was provided either before or after the November 17 meeting, the Defendants should state whether there is additional information or not.  The Defendants should state the date any information was provided.  The Defendants also must state the manner in which the information was provided, and also state whether there was any request for any action concerning Allahverdi's residency or employment.  For any witnesses, the Defendants should provide the address and telephone numbers.  The information that the Court is requiring to be produced must be in the form of a sworn answer to an interrogatory.

2.  Regarding Interrogatory No. 6, the Defendants must, in a supplemental answer, state that no witnesses were required to testify under oath and the Graduate Medical Education Grievance Committee did not require affidavits, if in fact that is the case.

3.  The Court awards $450 to Allahverdi for preparing and pursuing this motion to compel.

_____
UNITED STATES DISTRICT JUDGE

-3-

*Counsel:*

Steven K. Sanders
Steven K. Sanders & Associates, L.L.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Josh A. Harris
Mark D. Trujillo
Beall & Biehler, An Association
Albuquerque, New Mexico

    *Attorneys for the Defendants*