IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOUMAN ALLAHVERDI, M.D.,

       Plaintiff,

vs.                                         No. CIV 05-0277 JB/DJS

REGENTS OF THE UNIVERSITY OF NEW MEXICO;
UNIVERSITY OF NEW MEXICO HOSPITALS;
DAVID WILKS, M.D., PAUL ROTH, M.D.,
SALLY BACHOFER,

       Defendants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Order to Compel Answers to Interrogatories, filed August 17, 2005 (Doc. 26). The Court held a hearing on this matter on September 30, 2005. The primary issue is whether the Court should compel the Defendants to provide more complete answers to Plaintiff Houman Allahverdi's interrogatories. The Court entered an Order granting the motion on March 31, 2006 (Doc. 51). In footnote 1 of that Order, the Court promised to issue a memorandum opinion explaining the reason for its decision to grant the motion.

## PROCEDURAL BACKGROUND

Allahverdi served the Defendants with interrogatories and other discovery on April 11, 2005. See Certificate of Service at 1, filed April 11, 2005 (Doc. 5). On May 23, 2005, the Defendants submitted their answers to Allahverdi's interrogatories and requests for production. See Motion for Order to Compel Answers to Interrogatories or in the Alternative Granting Leave to Exceed Interrogatory Limit at 2, filed June 10, 2005 (Doc. 15). Allahverdi filed a motion to compel more

complete answers from the Defendants.  <u>See</u> <u>id.</u> at 2.  The Court granted Allahverdi's motion in part,

requiring the Defendants to respond to Interrogatories 5 and 6 and to amend their answer to

Interrogatory 1.  <u>See</u> Memorandum Opinion and Order at 3-4, filed July 11, 2005 (Doc. 20).  The

Defendants then served their supplemental answers, on July 25, 2005, pursuant to the Court's Order.

<u>See</u> Certificate of Service at 1, filed July 25, 2005 (Doc. 23).

Allahverdi contends that some of the Defendants' answers and responses remain inadequate

and evasive.  <u>See</u> Motion for Order to Compel at 1.  On August 11, 2005, Allahverdi's counsel sent

a letter to the Defendants asking them to supplement their answers.  <u>See</u> <u>id.</u>  Allahverdi reports that,

as of August 17, 2005, the date he filed his motion, the Defendants had not responded to his request.

<u>See</u> <u>id.</u>

Allahverdi now moves the Court, pursuant to rules 26, 33, and 37 of the Federal Rules of

Civil Procedure, for an order requiring the Defendants to answer completely Interrogatories 1 and

6, and to provide information regarding the Graduate Medical Education Grievance Committee.  <u>See</u>

Motion for Order to Compel at 1-2.  Interrogatory 1 requests the following information:

> "Identify" by name, job title, address and telephone number each person who contributed or related any information to any Defendant or to any employee or agent of any Defendant, (including any of the named defendants) concerning plaintiff's work performance, competency, allegations of misconduct, claimed use of unacceptable language, claimed failure to accurately and timely check out, or failure to truthfully report matters leading to or contributing to Plaintiff's termination.  For each person identified, state as completely as possible what information that person contributed, related or provided, to whom the information was provided, identifying each and every employee or agent of Defendant to whom the information was provided, the date the information was provided, the manner in which the information was provided (i.e. orally, in person, over the telephone, in writing) and whether that person requested any action concerning the termination [of] Plaintiff's residency or employment be taken and if so what action was requested.

Defendants' Supplemental Response to Plaintiff's Interrogatories Numbers 1, 5, and 6 at 1-2.

Interrogatory 6 requests the following information:

> Please identify each and every voting member of Family Practice Competency Committee and all other individuals which were present for any part of either meeting held on or about April 2, 2003 and/or on May 7, 2003 to discuss Plaintiff's residency and/or to determine whether Plaintiff would be allowed to continue his residency program. For each meeting, please identify each document reviewed and each person that the committee met with, listened to or received information, advice, consultation or evidence from in regard to Plaintiff's continued participation in the residency program and give a summary of the facts and details each person presented to the committee and how that information was presented to the committee, i.e. orally in person or by telephone or tape recording or in writing. Please indicate whether any witness was required to testify under oath or whether the committee required affidavits from any witness. Please identify all persons present for any portion of either meeting and identify the chair of each meeting.

Defendants' Supplemental Response to Plaintiff's Interrogatories Numbers 1, 5, and 6 at 7-8.

The Defendants argue that Allahverdi's motion is untimely. See Defendants' Response to Plaintiff's Motion to Compel Answers to Interrogatories at 2-3, filed August 31, 2005 (Doc. 28). The Defendants further assert that they have completely answered Interrogatory 1. See id. at 3-5. The Defendants also state that they completely answered Interrogatory 6, because no witnesses were required to be placed under oath or to provide an affidavit. See id. at 6.

## LAW REGARDING MOTIONS TO COMPEL

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides that

> [a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: . . . If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request.

Under Rule 37(a)(3), "an evasive or incomplete disclosure, answer, or response is to be treated as

a failure to disclose, answer, or respond."

Rule 37(a)(4)(A) sets forth the standard for awarding expenses in bringing a motion to compel:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

## **ANALYSIS**

The Court will grant Allahverdi's motion to compel.  First, Allahverdi filed his motion in a timely manner. The Defendants contend that Allahverdi did not file his motion within twenty calendar days as required by Local Rule 26.6, which provides:

> A party served with objections to:
>
> - an interrogatory;
> - request for production or inspection; or
> - request for admission
>
> must proceed under D.N.M.LR-Civ. 37.1 within twenty (20) calendar days of service of an objection unless the response specifies that documents will be produced or inspection allowed.  In this case, the party must proceed under D.N.M.LR-Civ 37.1 within twenty (20) calendar days after production or inspection of the documents.

The Defendants assert that Allahverdi did not file his motion until August 17, 2005, which is twenty-three calendar days after they served Allahverdi with their supplemental responses to the interrogatories on July 25, 2005.  See Response at 2-3.  As Allahverdi points out, however, the Defendants served Allahverdi with their supplemental responses to Allahverdi's interrogatories on

-4-

July 25, not with objections to those interrogatories.  See generally Defendants' Supplemental Response to Plaintiff's Interrogatories Numbers 1, 5, and 6.  As such, Local Rule 26.6's twenty-day deadline does not apply.

Even if Local Rule 26.6 controlled the timing of Allahverdi's motion to compel, Allahverdi filed his motion to compel within the requisite time period.  The twenty calendar day period ran on August 14, 2005.  Rule 6(e) provides that, "[w]henever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire. . . ."  Because Local Rule 26.6 required Allahverdi to act within twenty days of service, and the Defendants accomplished service by mail, see Certificate of Service at 1 (Doc. 23), Allahverdi had until August 17 to file a motion to compel.  Allahverdi filed his motion on August 17, thereby making his motion timely.

As to Interrogatory 1, the Defendants' answer is not fully responsive because it does not state specifically, in every instance, what information was provided to the Defendants and in what manner that information was provided.  The Court also finds that Allahverdi's request for more information is not overly burdensome to the Defendants; it should not require an undue amount of time or expense to accumulate the information.  The Court will therefore order the Defendants to provide, in their supplemental answer, what information was provided to the Graduate Medical Education Grievance Committee on November 17, 2003, and December 2, 2003, by any person that was present, whether a committee member or not.  This supplemental answer will include information from Dr. David Wilks, Dr. Sally Bachofer, Ms. Elizabeth Staley, and Program Director Joe Sparkman.  If the information is on the tape recording of the November 17 meeting, the Defendants need not repeat that information.  The Defendants can state under oath in the supplemental answer

that all the information for the November 17 meeting is part of the tape.  If there is additional information that was provided either before or after the November 17 meeting, the Defendants should state whether there is additional information or not.   The Defendants should state the date any information was provided.  The Defendants also must state the manner in which the information was provided, and also state whether there was any request for any action concerning Allahverdi's residency or employment.  For any witnesses, the Defendants should provide the address and telephone numbers.  The information that the Court is requiring to be produced must be in the form of a sworn answer to an interrogatory.

As for Interrogatory 6, the Defendants explained that their answer – that "[n]o other individuals participated, or provided testimony to the Committee on April 2, 2003 or May 7, 2003," Defendants' Supplemental Response to Plaintiff's Interrogatories Numbers 1, 5, and 6  at 9 – responded to Allahverdi's inquiry whether any witnesses gave sworn testimony or affidavits to the Family Practice Competency Committee, see Transcript of Hearing at 7:2-11 (taken September 30, 2005).[1]  The answer itself, however, fails to state definitively that no individuals were required to testify under oath or submit affidavits.  The Court will therefore order the Defendants to state, in a supplemental answer, that no witnesses were required to testify under oath and that the Graduate Medical Education Grievance Committee did not require affidavits, if in fact that is the case.

Finally, the Court will, pursuant to rule 37(a)(4)(A), award Allahverdi $450 in attorney's fees for pursuing this motion.  This fee is reasonable, based on a reasonable hourly rate of $225 and a reasonable number of hours (2) expended on the motion.  See id. at 12:16-19; Kelley v. City of

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Albuquerque, Case No. CIV 03-507 JB/ACT, Memorandum Opinion and Order at 26 (D.N.M. October 24, 2005) (finding $250 per hour to be a reasonable rate).

**IT IS ORDERED** that the Motion for Order to Compel Answers to Interrogatories is granted.  The Court orders the following relief:

1.  As to Interrogatory No. 1, the Defendants will provide in their supplemental answer what information was provided to the Graduate Medical Education Grievance Committee on November 17, 2003, and December 2, 2003, by any person that was present, whether a committee member or not.  This will include information from Dr. David Wilks, Dr. Sally Bachofer, Ms. Elizabeth Staley, and Program Director Joe Sparkman.  If the information is on the tape recording of the November 17 meeting, the Defendants need not repeat that information.  They can state under oath in the supplemental answer that all the information for the November 17 meeting was part of the tape.  If there is additional information that was provided either before or after the November 17 meeting, the Defendants should state whether there is additional information or not.  The Defendants should state the date any information was provided.  The Defendants also must state the manner in which the information was provided, and also state whether there was any request for any action concerning Allahverdi's residency or employment.  For any witnesses, the Defendants should provide the address and telephone numbers.  The information that the Court is requiring to be produced must be in the form of a sworn answer to an interrogatory.

2.  Regarding Interrogatory No. 6, the Defendants must, in a supplemental answer, state that no witnesses were required to testify under oath and the Graduate Medical Education Grievance Committee did not require affidavits, if in fact that is the case.

3.  The Court awards $450 to Allahverdi for preparing and pursuing this motion to compel.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Steven K. Sanders
Steven K. Sanders & Associates, L.L.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Josh A. Harris
Mark D. Trujillo
Beall & Biehler, An Association
Albuquerque, New Mexico

    *Attorneys for the Defendants*